18-2373-cv
Gallegos v. Tompkins Consolidated Area Transit, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of November, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                         *Circuit Judges*.

_____

ANDRE P. GALLEGOS,

        *Plaintiff-Appellant*,

                    v.                                              18-2373-cv

TOMPKINS CONSOLIDATED AREA TRANSIT, INC.,

        *Defendant-Appellee*.[1]

_____

Appearing for Appellant:     Andres P. Gallegos, pro se, Ithaca, N.Y.

Appearing for Appellee:      John T. McCann, Hancock Estabrook, LLP (Whitney M.
                             Kummerow, *on the brief*), Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

_____
[1] The Clerk of the Court is directed to amend the caption as above.

Appellant Andres Gallegos, pro se, appeals from the July 16, 2018 judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*) granting summary judgment to defendant Tompkins Consolidated Area Transit ("TCAT"). Gallegos sued TCAT, his employer, under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"), alleging that he was denied a promotion to supervisor because of his race, national origin, and age. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (internal quotation marks omitted)).

Title VII and ADEA claims are evaluated under the McDonnell Douglas framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82–83 (2d Cir. 2015) (Title VII); *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (ADEA). To make out a prima facie case of discrimination, plaintiff bears the burden of establishing that the employer took adverse action against him. *See McDonnell Douglas*, 411 U.S. at 802; *Vega*, 801 F.3d at 83 (Title VII)*; see also Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009) (to establish a prima facie failure-to-promote case, the plaintiff must show he was rejected for the position). Here, Gallegos failed to offer sufficient evidence to show that TCAT took any adverse action against him.  Instead, the record demonstrates that Gallegos withdrew his application for the supervisor position before his second interview. TCAT therefore did not reject his application. In sum, TCAT did not take any action against Gallegos, let alone adverse action.

We have considered the remainder of Gallegos's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk